**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JOHN WRIGHT,                                    )    NO. EDCV 10-400 SS
                                                )
                    Plaintiff,                  )
                                                )
          v.                                    )    **MEMORANDUM DECISION AND ORDER**
                                                )
MICHAEL J. ASTRUE,                              )
Commissioner of Social                          )
Security,                                       )
                                                )
                    Defendant.                  )
_____ )

     Plaintiff John Wright("Plaintiff") brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration (hereinafter the "Commissioner" or the "Agency") denying his application for Supplemental Security Income ("SSI") disability benefits.  Alternatively, he asks for a remand.  The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge.  Pursuant to the Court's Order Regarding Further Proceedings, the parties filed separate memoranda in support of their respective positions.  For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED for further administrative proceedings.

## THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity[1] and that is expected to result in death or to last for a continuous period of at least twelve months.  Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)).  The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an Administrative Law Judge ("ALJ") conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920.  The steps are:

(1)   Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is found not disabled. If not, proceed to step two.

(2)   Is the claimant's impairment severe?  If not, the claimant is found not disabled.  If so, proceed to step three.

(3)   Does the claimant's impairment meet or equal one of list of specific impairments described in 20 C.F.R. Part 404,

---

[1]   Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit.  20 C.F.R. §§ 404.1510, 416.910.

1          Subpart P, Appendix 1 (the "Listings")?  If so, the
2          claimant is found disabled.  If not, proceed to step
3          four.
4      (4)  Is the claimant capable of performing his past work?  If
5          so, the claimant is found not disabled.  If not, proceed
6          to step five.
7      (5)  Is the claimant able to do any other work?  If not, the
8          claimant is found disabled.  If so, the claimant is
9          found not disabled.

10

11  Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d
12  949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098-99); 20
13  C.F.R. §§ 404.1520(b) - 404.1520(g)(1) and 416.920(b) - 416.920(g)(1).

14

15      The claimant has the burden of proof at steps one through four, and
16  the Commissioner has the burden of proof at step five.  Bustamante, 262
17  F.3d at 953-54 (citing Tackett, 180 F.3d at 1098).  Additionally, the
18  ALJ has an affirmative duty to assist the claimant in developing the
19  record at every step of the inquiry.  Id. at 954.  If, at step four, the
20  claimant meets his burden of establishing an inability to perform past
21  work, the Commissioner must show that the claimant can perform some
22  other work that exists in "significant numbers" in the national economy,
23  taking into account the claimant's residual functional capacity
24  ("RFC"),[2] age, education, and work experience.  Tackett, 180 F.3d at
25  1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1),

26  _____

27      [2]  Residual functional capacity is "what [one] can still do
    despite [his] limitations" and represents an "assessment based upon all
28  of the relevant evidence."  20 C.F.R. §§ 404.1545(a), 416.945(a).

3

1   416.920(g)(1).   The Commissioner may do so by the testimony of a
2   vocational expert ("VE") or by reference to the Medical-Vocational
3   Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2
4   (commonly known as "the Grids").   Osenbrock v. Apfel, 240 F.3d 1157,
5   1162 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1100-01).   When a
6   claimant has both exertional (strength-related) and nonexertional
7   limitations, the Grids are inapplicable and the ALJ must take the
8   testimony of a vocational expert.   Moore v. Apfel, 216 F.3d 864, 869
9   (9th Cir. 2000) (citing Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir.
10  1988)).

11
12                          **THE ALJ'S DECISION**
13
14       The ALJ applied the five-step sequential evaluation process.   At
15  the first step of the evaluation process, the ALJ found that Plaintiff
16  had not engaged in substantial gainful activity since his application
17  date. (Administrative Record  ("AR") 12).   At step two, the ALJ found
18  that Plaintiff's lumbar sprain/strain, lumbar degenerative disc disease,
19  cervical sprain/strain and affective disorder were severe impairments.
20  (Id.).   At step three, the ALJ found that the impairments, individually
21  or in combination, did not meet or equal any of the Listings.   (Id.).
22  After considering Plaintiff's symptoms and the medical opinions, the ALJ
23  concluded that Plaintiff had the RFC "to perform light work" as defined
24  in 20 C.F.R. § 416.967(b) with certain limitations.   (AR 13-16).   The
25  ALJ found that Plaintiff could stand or walk only two hours out of an
26  eight-hour day, fifteen to thirty minutes at a time, using a cane as
27  needed.   (AR 13).   Plaintiff could sit for six hours out of an eight-
28  hour day, with normal breaks every two hours and the allowance to stand

                                   4

1  and stretch for three minutes every hour.  (<u>Id.</u>).  Plaintiff could

2  occasionally stoop and bend, but could not climb ladders, work at

3  heights, or balance.  (<u>Id.</u>).  Plaintiff could engage in occasional neck

4  motion, with his head in a comfortable position most of the time, but

5  was precluded from extremes of motion and could only occasionally

6  maintain a fixed head position for fifteen to thirty minutes at a time.

7  (<u>Id.</u>).  Plaintiff was limited to simple, repetitive goal-oriented work

8  with no production rate pace work.  (<u>Id.</u>).  At step four, the ALJ found

9  that Plaintiff was incapable of performing any past relevant work.  (AR

10 16).  At step five, the ALJ found that Plaintiff could perform other

11 work as a charge account clerk (Dictionary of Occupational Titles

12 ("DOT") 205.367-014) and was therefore not disabled within the meaning

13 of the Social Security Act.  (AR 17).

14

15                        **STANDARD OF REVIEW**

16

17     Under 42 U.S.C. § 405(g), a district court may review the

18 Commissioner's decision to deny benefits.  The court may set aside the

19 Commissioner's decision when the ALJ's findings are based on legal error

20 or are not supported by substantial evidence in the record as a whole.

21 <u>Aukland v. Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing

22 <u>Tackett</u>, 180 F.3d at 1097); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1279 (9th

23 Cir. 1996) (citing <u>Fair v. Bowen</u>, 885 F.2d 597, 601 (9th Cir. 1989)).

24

25     "Substantial evidence is more than a scintilla, but less than a

26 preponderance."  <u>Reddick</u>, 157 F.3d at 720 (citing <u>Jamerson v. Chater</u>,

27 112 F.3d 1064, 1066 (9th Cir. 1997)).  It is "relevant evidence which

28 a reasonable person might accept as adequate to support a conclusion."

5

1  Id. (citing Jamerson, 112 F.3d at 1066; Smolen, 80 F.3d at 1279).  To

2  determine whether substantial evidence supports a finding, the court

3  must "'consider the record as a whole, weighing both evidence that

4  supports and evidence that detracts from the [Commissioner's]

5  conclusion.'"  Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2

6  F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support

7  either affirming or reversing that conclusion, the court may not

8  substitute its judgment for that of the Commissioner.  Reddick, 157 F.3d

9  at 720-21 (citing Flaten v. Sec'y, 44 F.3d 1453, 1457 (9th Cir. 1995)).

10

11                                **DISCUSSION**

12

13      Plaintiff contends that the ALJ erred for three reasons:  (1) the

14  ALJ's reliance on the VE's testimony that Plaintiff was capable of

15  performing other work as a charge account clerk was improper because the

16  VE's opinion deviated from the DOT and the VE did not explain the

17  deviation; (2) the ALJ did not properly consider the treating doctors'

18  findings; and (3) the ALJ did not properly consider the consultative

19  examiner's opinion. (Memorandum in Support of Plaintiff's Complaint at

20  2-10).  This Court agrees that the ALJ's failure to explain the

21  deviation between the VE's testimony and the DOT description of the

22  requirements of a charge account clerk created an unresolved potential

23  inconsistency in the evidence and remands this action on that basis.

24  As the Court determines that remand is required on this basis alone, the

25  Court declines to address Plaintiff's alternative arguments.

26

27

28

**The ALJ Erred By Failing Explain The Deviation Between The VE's Testimony And The DOT Description Of Charge Account Clerk In Determining That Plaintiff Could Perform Other Work**

Plaintiff contends that the ALJ improperly relied on the VE's opinion that he was capable of performing other work as a charge account clerk. (Memorandum in Support of Plaintiff's Complaint at 2). Specifically, Plaintiff argues that the reasoning skills required of a charge account clerk as defined in the DOT exceed the ALJ's RFC assessment limiting Plaintiff to simple, repetitive tasks. (Id. at 2). Plaintiff concludes that because neither the ALJ nor the VE explained this deviation from the DOT, reversal or remand is appropriate. (Id. at 5). The Court agrees and remands.

Social Security regulations provide that DOT classifications are rebuttable by recognizing "vocational experts and several published sources other than the DOT as authoritative." Johnson v. Shalala, 60 F.3d 1428, 1435-36 (9th Cir. 1995); see also 20 C.F.R. §§ 404.1566(d)(2)-(5), (e) (the use of vocational experts is particularly important where "the issue in determining whether you are disabled is whether your work skills can be used in other work and the specific occupations in which they can be used, or there is a similarly complex issue"). Although evidence provided by a VE is generally expected to be consistent with the DOT, "[n]either the DOT nor the VE evidence automatically 'trumps' when there is a conflict." Social

Security Ruling ("SSR") 00-4p;[3] <u>Massachi v. Astrue</u>, 486 F.3d 1149, 1153 (9th Cir. 2007).  The ALJ may rely on expert testimony that contradicts the DOT if the record contains persuasive evidence to support the deviation.  <u>See</u> <u>Tommasetti v. Astrue</u>, 533 F.3d 1035, 1042 (9th Cir. 2008).  Furthermore, the ALJ must definitively explain the deviation. <u>Pinto v. Massanari</u>, 249 F.3d 840, 847 (9th Cir. 2001).  Evidence sufficient to permit deviation may be "either specific findings of fact regarding claimant's residual functionality, or inferences drawn from the context of the expert's testimony." <u>Light v. Social Sec. Admin.</u>, 119 F.3d 789, 793 (9th Cir. 1997) (internal citations omitted).

At the hearing, the ALJ posed a hypothetical to the VE that included the assumption that the person would be limited to simple, repetitive tasks.  (AR 107).  In response, the VE testified that Plaintiff was not capable of performing any past relevant work and that the only other work Plaintiff could perform was as a charge account clerk, DOT 205.367-014.  (AR 108).  The VE further affirmed that his testimony complied with the DOT.  (AR 109).  The ALJ relied on the VE's representation and did not question the VE about any apparent deviations between his testimony and the DOT.  (<u>Id.</u>).

According to the DOT, the position of charge account clerk requires level three reasoning skills on the scale of General Education

---

[3]   Social Security Rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." <u>Han v. Bowen</u>, 882 F.2d 1453, 1457 (9th Cir. 1989).

1   Development ("GED").  DOT 205.367-014, 1991 WL 671715.  The DOT defines
2   level three reasoning skills as the ability to "[a]pply commonsense
3   understanding to carry out instructions furnished in written, oral, or
4   diagrammatic form.  Deal with problems involving several concrete
5   variables in or from standardized situations."  DOT Appendix C, Section
6   III, 1991 WL 688702.  The weight of authority in the Ninth Circuit holds
7   that level three reasoning skills as defined in the DOT are incompatible
8   with a limitation to simple, repetitive tasks.  As the court in <u>Torrez</u>
9   <u>v. Astrue</u>, 2010 WL 2555847 (E.D. Cal. June 21, 2010) noted:

10

11       Several district court cases in this circuit question whether
12       a claimant limited to simple, repetitive tasks, is capable of
13       performing jobs requiring level three reasoning under the DOT.
14       In <u>McGensy v. Astrue</u>, 2010 WL 1875810 (C.D. Cal. May 11,
15       2010), the Court noted that while case law has held that "a
16       limitation to 'simple, repetitive tasks' is consistent with
17       level two reasoning," this restriction is "inconsistent" with
18       the requirements for level three reasoning, in particular the
19       job of mail clerk.  <u>Id.</u> at *3 (citing <u>Pak v. Astrue</u>, 2009 WL
20       2151361 at *7 (C.D. Cal. July 14, 2009) ("The Court finds that
21       the DOT's Reasoning Level three requirement conflicts with the
22       ALJ's prescribed limitation that Plaintiff could perform only
23       simple, repetitive work."); <u>Tudino v. Barnhart</u>, 2008 WL
24       4161443 at *11 (S.D. Cal. Sept. 5, 2008) ("[l]evel-two
25       reasoning appears to be the breaking point for those
26       individuals limited to performing only simple repetitive
27       tasks"; remand to ALJ to "address the conflict between
28       Plaintiff's limitation to 'simple, repetitive tasks' and the

9

1  level-three reasoning"); <u>Squier v. Astrue</u>, 2008 WL 2537129 at

2  *5 (C.D. Cal. June 24, 2008) (reasoning level three is

3  "inconsistent with a limitation to simple repetitive work")).

4  In addition, in <u>Bagshaw v. Astrue</u>, 2010 WL 256544 at *5 (C.D.

5  Cal. January 20, 2010), the court expressly cited <u>Hackett [v.</u>

6  <u>Barnhart</u>, 395 F.3d 1168, 1176 (10th Cir. 2005)] in concluding

7  that a mail clerk job, which requires level three reasoning

8  under the DOT, was "inconsistent with [the plaintiff's]

9  intellectual functional capacity limitation to simple, routine

10  work."[4]

11

12  <u>Id.</u> at *8 (concluding that "the DOT precludes a person restricted to

13  simple, repetitive tasks, from performing work . . . that requires level

14  three reasoning"); <u>see also</u> <u>Lara v. Astrue</u>, 305 Fed. Appx. 324, 325 (9th

15  Cir. 2008) (finding that reasoning levels one and two are commensurate

16  with a limitation to simple, repetitive tasks).

17

18  The VE's determination that Plaintiff is capable of working as a

19  charge account clerk, which according to the DOT requires level three

20  reasoning ability, therefore conflicts with decisions that find that

21  level three reasoning skills are generally beyond the capacity of

22  persons limited to simple, repetitive tasks.  When there is an apparent

23  conflict between the testimony of the VE and the definitions contained

24  in the DOT, the ALJ must ask the VE to explain the deviation.  <u>Massachi</u>,

25  486 F.3d at 1153 (citing Social Security Ruling 00-4p).   Here,

26  _____

27      [4]    In <u>Hackett</u>, the Tenth Circuit stated that a restriction to

28  "simple and routine work tasks . . . seems inconsistent with the demands
of level-three reasoning."  <u>Hackett</u>, 395 F.3d at 1176.

notwithstanding the apparent conflict, the ALJ did not seek an explanation from the VE.  Consequently, the ALJ's written determination provides no explanation as to how to resolve the conflict created by the vocational expert's identification of a potential occupation which the DOT indicates requires reasoning abilities beyond the capacity of a person limited to simple, repetitive tasks.  As a result, the Court cannot accept the ALJ's determination, which relies on the vocational expert's testimony, that there are positions in the national economy available to Plaintiff.  Without more, the Court cannot determine whether substantial evidence supports the ALJ's decision.

Remand for further proceedings is appropriate where additional proceedings could remedy defects in the Commissioner's decision.  <u>See</u> <u>Harman v. Apfel</u>, 211 F.3d 1172, 1179 (9th Cir. 2000).  Upon remand, the ALJ must either address the conflict between the VE's determination that Plaintiff is capable of working as a charge account clerk and the DOT's description of that position as requiring level three reasoning skills, which are normally beyond the capabilities of a person restricted to simple, repetitive tasks, or obtain further VE testimony regarding alternative occupations that Plaintiff could perform.

//

//

//

//

//

//

//

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings consistent with this decision.


DATED: November 3, 2010                         /S/
                                            SUZANNE H. SEGAL
                                            UNITED STATES MAGISTRATE JUDGE